948 F.2d 782
 292 U.S.App.D.C. 190
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Marc ESANNASON, Appellant.
 No. 90-3253.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 25, 1991.
 
 Before BUCKLEY, STEPHEN F. WILLIAMS and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was submitted on the record from the United States District Court for the District of Columbia, and on the briefs and arguments of counsel. Upon full review of the issues presented, the court is satisfied that appropriate disposition of this appeal does not warrant an opinion. See D.C.Cir.R. 14(c).
 
 
 2
 We affirm the judgment of the District Court denying appellant's petition under 28 U.S.C. § 2255 to vacate, set aside or modify his sentence. Appellant pleaded guilty to one count of distribution of a substance containing a detectable amount of cocaine base within one thousand feet of a university, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 845(a). On July 25, 1989, he was sentenced to 151 months' incarceration, the lowest sentence within the U.S. Sentencing Commission's guideline range for his offense. Appellant claims that the United States Attorney's office breached its plea agreement with him by failing to fully inform the trial judge of his cooperation with the government and by failing to file a motion for a downward departure from the minimum sentence pursuant to section 5K1.1 of the sentencing guidelines.
 
 
 3
 As the prosecutor's obligation to inform the district court of appellant's undertaking to cooperate and the extent of his cooperation was unconditional under the terms of the plea agreement, we find that the prosecutor failed to carry out this part of the bargain. Appellant, however, was not harmed by this failure because he was awarded the lowest sentence permitted by the guidelines absent a section 5K1.1 motion. The prosecutor's obligation to file such a motion, however, was conditional. The plea agreement stated that "if it is determined by this Office that Marc Esannason has made a good faith effort to provide substantial assistance in the investigation or prosecution of another person who has committed an offense," the United States Attorney's office would move for a downward departure pursuant to section 5K1.1 of the sentencing guidelines.
 
 
 4
 In rejecting an earlier motion to set aside the sentence, the trial judge noted that "[t]he government asserted at sentencing, and reiterates here, that defendant actually attempted to frustrate the prosecution of another person by providing him with an exculpatory (and false) signed statement, and then lied about it and attempted to disguise his handwriting exemplars to support his claim of forgery. The government also asserts that defendant lied to the grand jury about ownership of certain contraband, and later admitted to having lied when confronted with the evidence of it. The government's representations are not contradicted by defendant." Thus, the judge found that "the government's skepticism with respect to defendant's offers to assist in other projects of his choosing appears justified. No bad faith has been demonstrated on the government's part in declining to recommend a Section 5K1.1 departure, and no reason shown to persuade the Court to depart on its own." As the record fully supports the sentencing judge's conclusions, it is
 
 
 5
 ORDERED AND ADJUDGED by the court that the denial of the petition from which this appeal has been taken be affirmed.
 
 
 6
 The Clerk is directed to withhold the issuance of any mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).